# EXHIBIT A

# KM KENNERLY MONTGOMERY

## Attorneys & Counselors Since 1916

E-MAIL: kstevens@kmfpc.com

December 22, 2011

Fred Chaney, Clerk & Master
Loudon County Chancery Court
601 Grove Street
Loudon, TN 37774

Re: *Philotechnics, Ltd. v. Ecology Services, Inc. and Andrew J. Armbrust*

Dear Mr. Chaney:

Enclosed please find the following:

I.   COMPLAINT

1.   An original Complaint and two Summonses for filing with the Court;

2.   Service copies for each Defendant to be returned with the representative from our office for service by private process; and

3.   An extra copy of the Complaint and Summonses to be stamped "filed" and returned for our file.

II.   MOTION FOR TEMPORARY RESTRAINING ORDER

1.   An original Motion for filing with the Court;

2.   Two service copies to be returned with the representative from our office for service by private process; and

3.   An extra copy of the Motion to be stamped "filed" and returned for our file.

III.   BOND FOR RESTRAINING ORDER

1.   An original Bond for the Court;

2.   Copies for each Defendant to be returned with the representative from our office; and

KENNERLY, MONTGOMERY & FINLEY, P.C.
550 MAIN STREET, FOURTH FLOOR | KNOXVILLE, TENNESSEE 37902
P.O. BOX 442 | KNOXVILLE, TENNESSEE 37901
PH (865) 546-7311 | FX (865) 524-1773 | WWW.KMFPC.COM

RECEIVED
DEC 2 2 2011
LOUDON CO. CLERK & MASTER
CVB

## IN THE CHANCERY COURT OF LOUDON COUNTY, TENNESSEE

| | |
|---|---|
| PHILOTECHNICS, LTD. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     No. 11965 |
| | ) |
| ECOLOGY SERVICES, INC. and | ) |
| ANDREW J. ARMBRUST, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Comes your Plaintiff, Philotechnics, Ltd. ("Philotechnics) and for its cause of action against the Defendants would show unto this Court as follows:

1.    That Philotechnics is a corporation organized and existing under the laws of the State of Tennessee and has its principal place of business in Oak Ridge, Tennessee.

2.    That the Defendant, Ecology Services, Inc. ("ESI") is a corporation organized and existing in the State of Delaware with its principal place of business at Suite 200, 9135 Guilford Road, Columbia, Maryland 21046. That its agent for service of process is Lisa Eason, Suite 200, 9135 Guilford Road, Columbia, Maryland 21046.

3.    That the Defendant, Andrew J. Armbrust ("Armbrust") is a citizen and resident of the State of Tennessee and resides at 228 Blackfoot Way, Lenoir City, Tennessee 37772.

4.    That Armbrust became an employee of the Plaintiff on November 3, 1997 and has been the President of Philotechnics since August 2006. Philotechnics' business includes the specific business of brokering for the treatment and/or disposition of radioactive nuclear waste.

5.    That Armbrust, as President of Philotechnics and prior to that as Senior Vice President, by virtue of his position of confidence and trust, became privileged to Philotechnics proprietary information and trade secrets, including but not limited to customer contacts, waste

1



FILED 22 DAY OF Dec 20 11
AT 8:41 A M
Fred Chaney
LOUDON CO. CLERK & MASTER crb

profiles/quantities, pricing information, shipping schedules, pay and salary rates of Philotechnics' employees, phone lists, customer lists, staffing lists and levels, processes, systems plans, proposal strategy, techniques and business information.

6.     That upon information and belief sometime in the fall of 2011, ESI made contact with Armbrust while he was the President of Philotechnics seeking to employ him as their officer to start up a business in the State of Tennessee.

7.     That on November 7, 2011 Armbrust announced his resignation as President of Philotechnics.

8.     That when Armbrust turned in his resignation as President, he stated that he was burned out and was going to take several months off and work around his house and enjoy his hobbies. He said he would consider coming back to work for Philotechnics in March or April of 2012. In the interim he discussed accepting a consulting agreement with Philotechnics so that Philotechnics could continue to rely on his experience and expertise.

9.     That Plaintiff, unsuspecting of any ulterior motive and reasonably relying on the statements made by Armbrust, reasonably allowed Armbrust to continue to have unfettered access to the office and company records and information, including allowing Armbrust to delete what was thought to be personal e-mail from the company e-mail system.

10.     That Armbrust's last day of physical work was November 23, 2011, but he requested and was allowed to remain on the payroll through November 30, 2011, so that he could continue health insurance.

11.     That, unbeknownst to Philotechnics, Armbrust and ESI were making plans to open a competitive business in the State of Tennessee and specifically in East Tennessee where Philotechnics has its offices in Oak Ridge, Tennessee.

12.     That, upon information and belief, and expected to be confirmed with discovery, Defendants began preparing for the raid of key Philotechnics' personnel as early as mid-November 2011.

13.     That, at Health Physics Society industry meeting held on or about December 2, 2011, ESI announced that Armbrust was to become its employee. In fact, the ESI website made the announcement that Armbrust, formerly of Philotechnics, had joined ESI and that Armbrust had decades of experience in the radioactive waste industry. See webpage of ESI attached hereto as **Exhibit 1.**

14.     That the Philotechnics employees which the Defendants planned to hire also possessed trade secrets and confidential information.

15.     That, upon information and belief, ESI made certain defamatory statements to the existing Philotechnics employees that it sought to hire away misrepresenting to such employees that Philotechnics would not remain in business much longer and that such employees would ultimately lose their jobs with Philotechnics.

16.     That Armbrust signed an employee confidentiality agreement with Philotechnics in which he agreed, in pertinent part, as follows: "I will treat all Confidential Information as secret and confidential and I will never use or disclose, or authorize anyone to use or disclose, such confidential information, except as expressly permitted by my Employer in the performance of my designated duties." See Armbrust confidentiality agreement attached hereto as **Exhibit 2.**

17.     That the Philotechnics employees that Defendants sought to hire away all had signed employee confidentiality agreements and this fact was known to Armbrust and consequently to ESI as Armbrust was acting as their agent at the time of the aforementioned activities.

18.     That ESI has offered employment to at least three Philotechnics employees as part of the plan developed by Armbrust and ESI while Armbrust was President of Philotechnics and had a fiduciary obligation to the corporation.

19.     That Armbrust was aware of the compensation packages paid to these Philotechnics employees and used that information to the benefit and advantage of ESI.

20.     That the Defendants' wrongful actions described herein were intentional and willful.

21.     That the Defendants' wrongful actions described herein have caused and will continue to cause Philotechnics to incur significant monetary damages.

22.     That the Defendants' use of the trade secrets, confidential and proprietary information possessed by Armbrust and the other employees has caused and will continue to cause severe competitive disadvantage to Philotechnics and constitute unfair competition.

23.     That Armbrust's use of confidential and proprietary information constitutes a breach of the common law and statutory duties of loyalty, as codified at T.C.A. 48-18-403, owed by Armbrust to Philotechnics not to use the trade secrets and confidential and proprietary information he gained while President to the disadvantage of Philotechnics.

24.     That the Defendants' actions are violative of the common law and Uniform Trade Secrets Act found at T.C.A. 47-25-1701 et seq. Because the conduct of the Defendants was willful and malicious, Philotechnics is entitled to exemplary damages in an amount not exceeding twice any award otherwise made pursuant to T.C.A. 47-25-1704 in addition to Philotechnics' reasonable attorneys' fees pursuant to T.C.A. 47-25-1705.

25.     That the Defendants' actions constitute a civil conspiracy as they acted intentionally to accomplish by concert an unlawful purpose or lawful purpose by unlawful means which has and will continue to result in damage to Philotechnics.

26.     That the Defendants' actions constitute intentional interference with business relationships as they knew of Philotechnics' business and contractual relationships with certain of its existing employees, and intentionally and with improper motive and means, caused the breach or termination of such business and contractual relationships.

27.     That Armbrust's actions constitute a material breach of his contractual obligations owed to Philotechnics.

28.     That immediate and irreparable injury, loss and damage will result to Philotechnics if the Defendants are not restrained and enjoined from misappropriating the Philotechnics' trade secrets and confidential and proprietary information and using it to hire Philotechnics' employees and further enjoining any misappropriation and use of Philotechnics' trade secrets and confidential and propriety information so as to eliminate the competitive advantage of Philotechnics in the marketplace.

Wherefore, Philotechnics prays for relief as follows:

A.     That process issue requiring the Defendants to answer this Complaint.

B.     That the Court issue a Temporary Restraining Order restraining the Defendants from misappropriating the Plaintiff's trade secrets and confidential and proprietary information and using it to hire Philotechnics' employees and further enjoining any misappropriation and use of Philotechnics' trade secrets and confidential and propriety information so as to eliminate the competitive advantage of Philotechnics. That Defendants be specifically restrained from misappropriating Philotechnics' trade secrets and confidential and proprietary information,

5

which includes, but is not limited to the following: customer contacts; waste profiles/quantities; shipping schedules; salary and benefit information of Philotechnics' employees; phone lists; customer lists; pricing information; staffing lists and levels; systems plans; proposal strategies; and business techniques.

B.     That after notice and a hearing, the Temporary Restraining Order be converted to a Temporary Injunction.

C.     That the Plaintiff have judgment against the Defendants for all damages to which it may be entitled not to exceed $500,000.00.

D.     That the Plaintiff have treble damages and/or punitive damages against the Defendants for the willful and intentional violations.

E.     That Plaintiff have and recover its attorneys' fees and expenses.

F.     That the Plaintiff have such other, further and general relief to which they may show entitlement.

**THIS IS THE FIRST REQUEST FOR INJUNCTIVE, EQUITABLE, OR
EXTRAORDINARY RELIEF IN THIS MATTER.**


KENNERLY, MONTGOMERY & FINLEY, P.C.

By: _____
       Jack M. Tallent, II (BPR# 004262)
       Kevin C. Stevens (BPR #023035)
       Attorney for Plaintiff
       550 W. Main Street, 4th Floor
       Knoxville, TN 37902
       (865) 546-7311

6

## COST BOND

KENNERLY, MONTGOMERY & FINLEY, P.C. hereby acknowledges itself as surety

for the costs incidental to the filing of the Complaint in this matter.

KENNERLY, MONTGOMERY & FINLEY, P.C.

By _____
Jack M. Tallent, II

## <u>VERIFICATION</u>

STATE OF TENNESSEE      )
COUNTY ROANE           )

     William Button being first duly sworn, deposes and says that he is President for the Plaintiff Philotechnics, Ltd., named in the above-titled action, that he makes this affidavit on behalf of that company, that he has read the foregoing Complaint and knows the contents thereof and the same are true and accurate to his own knowledge, except as to those matters therein stated on information and belief, and as to those matters he believes them to be true.

_William A. Button_

Sworn to and subscribed before me this
21 day of December, 2011.

_Meghan G-L. Turvey_
Notary Public

My commission expires: April 22, 2014

STATE OF TENNESSEE NOTARY PUBLIC
MEGHAN G.L. TURVEY
COUNTY OF ROANE

- Home
- Sitemap
- Contact Us

Ecology Services Companies

- About Us
- Ecology Services, Inc.
- Ecology Services Refuse & Recycling



FILED 22 DAY OF Dec 20 11
AT 8:41 A M
Fred Chavez
LOUDON CO. CLERK & MASTER

EXHIBIT

1





News Updates

- 12.02.11
  We are pleased to announce that Mr. Andy Armbrust, formerly of Philotechnics, has joined the staff of Ecology Services, Inc. Mr. Armbrust brings decades of experience in the radioactive waste industry to the staff at ESI.
- 11.16.11
  ESI personnel are now certified in the assembly procedure for LANL Special Form Capsules. ESI will use these to help clients ship > A2 quantities of radioactive materials in domestic and international commerce.
- 10.06.11
  ESMO, in partnership with Clean Energy, will be creating an on-site CNG refueling station which will allow us to provide environmentally friendly low particulate, low $CO_2$ emissions fuel to all of our county refuse vehicles. In addition to producing less emissions, CNG trucks will drastically reduce noise pollution. Scheduled to commence service in December of 2011, the new station will fuel the largest CNG powered fleet of trucks on the east coast.

•

Quick Links

- Clean Energy
- Montgomery County
- City of Westminster
- Holiday Trash Pickup Schedules

News & Updates

- 12.02.11
  We are pleased to announce that Mr. Andy Armbrust, formerly of Philotechnics, has joined the staff of Ecology Services, Inc. Mr. Armbrust brings decades of experience in the radioactive waste industry to the staff at ESI.
- 11.16.11
  ESI personnel are now certified in the assembly procedure for LANL Special Form Capsules. ESI will use these to help clients ship > A2 quantities of radioactive materials in domestic and international commerce.
- View All

Ecology Services, Inc.Tel: (800) 932-7299Fax: (301) 490-0172
Copyright © Ecology Services, Inc. 2011. All Rights Reserved.



# EMPLOYEE CONFIDENTIALITY AGREEMENT

As a condition of my employment with Philotechnics Ltd., hereinafter referred to as "Employer"), I, _Andrew J. Armbrust_ , hereby agree, without any reservations,
Print Name
to comply with the following provisions:

1. I will treat all Confidential Information as secret and confidential and I will never use or disclose, or authorize anyone to use or disclose, such Confidential Information, except as expressly permitted by my Employer in the performance of my designated duties. I will diligently protect all Confidential Information against loss by inadvertent or unauthorized use or disclosure.

2. I shall not disclose to anyone or personally use, Confidential Information of any third party as learned by me during my employment and with respect to which my Employer has an obligation to maintain secrecy.

3. All Confidential Information developed during the course of my employment, shall be the exclusive property of my Employer; and I agree that, upon expiration or termination of my employment for any reason whatsoever, I shall return all Confidential Information in my possession to my Employer.

4. The obligations stated above, shall apply during the course of my employment with my Employer, and continue thereafter.

5. As used herein, "Confidential Information", means information which is disclosed to me, known by me, or generated by me as a consequence of or related to my employment with my Employer, which is generally not known outside of my Employer, and which is related to my Employer business. "Confidential Information" is intended to include, but is not limited to, trade secrets, pay or salary rates, phone lists, customer lists, staffing lists and levels, personnel data, inventions, processes, formulas, systems, plans, proposal strategy, techniques and business information of any kind.

6. The Agreement will be construed and interpreted in accordance with the laws of the State of Tennessee without application of choice-of-laws rules. In the event that any term or condition of this Agreement shall be declared in violation of state or federal law, or shall, through any federal or state action become invalid, such provision or term of this Agreement shall be void and of no effect. All other terms and conditions contained in this Agreement shall remain in full force and effect.

I acknowledge that I have read this Agreement carefully and that I understand and accept the obligations stated herein.

_____     _2/3/05_
SIGNATURE                            DATE

_Michele Patterson_
WITNESS

Revised 03/01
Philotechnics HR Department Form HR-003

FILED _22_ DAY OF _Dec_ 20 _11_
AT _8:41 A_ M
_Fred Chaney_
LOUDON CO. CLERK & MASTER

EXHIBIT
_2_
tabbies



## RECEIPT AND ACKNOWLEDGMENT OF
## PHILOTECHNICS POLICIES FOR EMPLOYEES MANUAL

Please read the following statements, sign below and return to your manager or designated company representative. A signed copy of this document will be kept in your employee file.

### Understanding and Acknowledging Receipt of Philotechnics Policies for Employees Manual

I have received and read a copy of the Philotechnics Policies for Employees Manual. I understand that the policies described in it are subject to change at the sole discretion of Philotechnics at any time. I understand that this Employee Policies Handbook replaces (supersedes) any and all other or previous Philotechnics Policies for Employee Manuals as well as any and all handbooks issued by Afftrex, Ltd.

### Employment-At-Will Statement

I further understand that my employment with Philotechnics is at will, and neither Philotechnics nor I have entered into a contract regarding the duration of my association. I am free to terminate my association with Philotechnics at any time, with or without reason. Likewise, Philotechnics has the right to terminate my association, transfer, or demote me at any time, with or without reason, at the discretion of Philotechnics. No employee of Philotechnics can enter into an employment contract for a specified period of time, or make any agreement contrary to this policy, without the written approval from the President. As an at will employer, it is Philotechnics' position that this Employee Manual is not a contract, nor should it ever be construed as a contract.

_Andrew Armbrust_
Employee's Printed Name

_President_
Position

_Employee's Signature_

_7/26/11_
Date

IN THE
CHANCERY COURT OF LOUDON COUNTY, TENNESSEE

No. 10375

Loudon, Tenn. 12-22, 20 11

Received of Kenneth Montgomery to Jenny
Ck # 16015

Two Hundred Seventy Two +50/100 Dollars /100

| | |
|---|---|
| C. and M. | $ |
| State | $ |
| County | $ |
| Other | $ |
| Deposit | $ |
| TOTAL | $ 272.50 |

Philotechnics, LTD
vs.
Ecology Services, Inc et al

Cause No. 11465   Docket 37   Page 256

Fred Chancey C. & M.

Connie Black D. C. & M.

in the above styled cause.

3.    An extra copy of the Bond to be stamped "filed" and returned for our file.

## IV.    PAYMENT

1.    A check in the amount of $272.50 for filing of the Complaint.

Thank you for your assistance in this matter.  Please contact me if you have any questions.

Very truly yours,

**KENNERLY, MONTGOMERY & FINLEY, P.C.**

By _____

Kevin C. Stevens

KCS:ces
Enclosures

RECEIVED

DEC 2 2 2011

LOUDON CO. CLERK & MASTER

# IN THE CHANCERY COURT OF LOUDON COUNTY, TENNESSEE

PHILOTECHNICS, LTD.      )
                            )
      Plaintiff,        )
                            )
vs.                         )
                            )
ECOLOGY SERVICES, INC. and  )
ANDREW J. ARMBRUST,     )
                            )
      Defendants.     )

## MOTION FOR TEMPORARY RESTRAINING ORDER

Comes now Plaintiff, Philotechnics, Ltd, ("Philotechnics"), by and through counsel, pursuant to Tenn. R. Civ. P. 65, and hereby moves the Court for an Temporary Restraining Order prohibiting Defendants, Ecology Services, Inc. and Andrew J. Armbrust, from misappropriating Philotechnics' trade secrets and confidential and proprietary information and using it to hire Philotechnics' employees and further using Philotechnics' trade secrets and confidential and propriety information so as to eliminate the competitive advantage of Philotechnics. Philotechnics requests that the Court consider this Motion on an emergency basis. In support of this Motion, Philotechnics states as follows:

1.      Jurisdiction is proper in this Court as the Defendants reside and/or conduct business in the State of Tennessee. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-103 because certain of the events which are the subject of this case occurred in Loudon County, Tennessee.

2.      Contemporaneously with the filing of this Motion, Philotechnics had filed its Verified Complaint for Damages and Injunctive Relief (the "Verified Complaint").

3.      As set forth more fully in the Verified Complaint, Defendant, Andrew J. Armbrust ("Armbrust"), became an employee of the Plaintiff on November 3, 1997 and has

1



FILED 22 DAY OF Dec 20 11
AT 8:41 A M
LOUDON CO. CLERK & MASTER

been the President of Philotechnics since August 2006. Philotechnics' business includes the specific business of brokering for the treatment and/or disposition of radioactive nuclear waste.

4.     That Armbrust, as President of Philotechnics and prior to that as Senior Vice President by virtue of his position of confidence and trust, became privileged to Philotechnics proprietary information and trade secrets, including but not limited to customer contacts, waste profiles/quantities, shipping schedules, pay and salary rates of Philotechnics' employees, phone lists, customer lists, staffing lists and levels, processes, systems plans, proposal strategy, techniques and business information.

5.     That upon information and belief sometime in the fall of 2011, ESI made contact with Armbrust while he was the President of Philotechnics seeking to employ him as their officer to start up a business in the State of Tennessee.

6.     That on November 7, 2011 Armbrust announced his resignation as President of Philotechnics.

7.     That when Armbrust turned in his resignation as President, he stated that he was burned out and was going to take several months off and work around his house and enjoy his hobbies. He said he would consider coming back to work for Philotechnics in March or April of 2012. In the interim he discussed accepting a consulting agreement with Philotechnics so that Philotechnics could continue to rely on his experience and expertise.

8.     That Plaintiff, unsuspecting of any ulterior motive and reasonably relying on the statements made by Armbrust, reasonably allowed Armbrust to continue to have unfettered access to the office and company records and information, including allowing Armbrust to delete what was thought to be personal e-mail from the company e-mail system.

2

9.     That Armbrust's last day of physical work was November 23, 2011, but he requested and was allowed to remain on the payroll through November 30, 2011, so that he could continue health insurance.

10.     That, unbeknownst to Philotechnics, Armbrust and ESI were making plans to open a competitive business in the State of Tennessee and specifically in the area where Philotechnics has its offices in Oak Ridge, Tennessee.

11.     That, upon information and belief, and expected to be confirmed with discovery, Defendants began preparing for the raid of key Philotechnics' personnel as early as mid-November 2011.

12.     That, at a Health Physics Society industry meeting held on or about December 2, 2011, the defendant ESI announced that Armbrust was to become its employee. In fact, the ESI website made the announcement that Armbrust, formerly of PhiloTechnics, had joined ESI and that Armbrust had decades of experience in the radioactive waste industry.

13.     That the Philotechnics employees which the Defendants planned to hire also possessed trade secrets and confidential information.

14.     That, upon information and belief, ESI made certain defamatory statements to the existing Philotechnics employees that it sought to hire away misrepresenting to such employees that Philotechnics would not remain in business much longer and that such employees would ultimately lose their jobs with Philotechnics.

15.     That Armbrust signed an employee confidentiality agreement with Philotechnics in which he agreed, in pertinent part, as follows: "I will treat all Confidential Information as secret and confidential and I will never use or disclose, or authorize anyone to use or disclose,

such confidential information, except as expressly permitted by my Employer in the performance of my designated duties."

16. That the Philotechnics employees that Armbrust sought to hire away all had signed employee confidentiality agreements and this fact was known to Armbrust and consequently to ESI as Armbrust was acting as their agent at the time of the aforementioned activities.

17. That ESI has offered employment to at least three Philotechnics employees as part of the plan developed by Armbrust and ESI while Armbrust was President of Philotechnics and had a fiduciary obligation to the corporation.

18. That Defendants were aware of the compensation packages paid to the Philotechnics employees they sought to hire away and used that information to their benefit and advantage.

19. That the Defendants' use of the trade secrets, confidential and proprietary information possessed by Armbrust will work severe competitive disadvantage to Philotechnics.

20. Philotechnics asks this Court to enter a Temporary Restraining Order prohibiting Defendants from misappropriating Philotechnics' trade secrets and confidential and proprietary information and using it to hire Philotechnics' employees and further enjoining any misappropriation and use of Philotechnics' trade secrets and confidential and propriety information so as to eliminate the competitive advantage of Philotechnics. Philotechnics requests that Defendants be specifically restrained from misappropriating Philotechnics' trade secrets and confidential and proprietary information, which includes, but is not limited to the following: customer contacts; waste profiles/quantities; shipping schedules; salary and benefit

information of Philotechnics' employees; phone lists; customer lists; pricing information; staffing lists and levels; systems plans; proposal strategies; and business techniques.

21.     Immediate and irreparable harm is likely to occur without issuance of a Temporary Restraining Order.

22.     Philotechnics relies upon the allegations of the Verified Complaint filed contemporaneously herewith.

23.     Counsel for Philotechnics is not aware that the Defendants are presently represented by counsel and does not have any present means to immediately contact the Defendants regarding this emergency request for a Temporary Restraining Order.

WHEREFORE, Philotechnics hereby requests the entry of the attached Restraining Order prohibiting Defendants from misappropriating Philotechnics' trade secrets and confidential and proprietary information and using it to hire Philotechnics' employees and further enjoining any misappropriation and use of Philotechnics' trade secrets and confidential and propriety information so as to eliminate the competitive advantage of Philotechnics.

**THIS IS THE FIRST REQUEST FOR INJUNCTIVE, EQUITABLE, OR EXTRAORDINARY RELIEF IN THIS MATTER.**

**KENNERLY, MONTGOMERY & FINLEY, P.C.**

By: _____
Jack M. Tallent, II (BPR# 004262)
Kevin C. Stevens (BPR #023035)
Attorneys for Plaintiff
550 W. Main Street, 4th Floor
Knoxville, TN 37902
(865) 546-7311

5

# IN THE CHANCERY COURT OF LOUDON COUNTY, TENNESSEE

| | |
|---|---|
| PHILOTECHNICS, LTD. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ECOLOGY SERVICES, INC. and | ) |
| ANDREW J. ARMBRUST, | ) |
| | ) |
| Defendants. | ) |

## BOND FOR RESTRAINING ORDER

Philotechnics, Ltd,, Principal, and William H. Button, Surety, do hereby bind ourselves, our heirs and assigns to Ecology Services, Inc., and Andrew J. Armbrust, Defendants, in the penal sum of $ *1,500.00* , this obligation to be void if the Plaintiff pays the costs of any damages adjudged against it and abides by and performs the judgment of the Court.

This the 22 day of December, 2011.

PRINCIPAL:

Philotechnics, Ltd.

By: _____

Its: _Secretary_

SURETY:

By _William H. Button_

William H. Button

COPY

# IN THE CHANCERY COURT OF LOUDON COUNTY, TENNESSEE

PHILOTECHNICS, LTD. )
)
      Plaintiff, )
)
vs. )
)
ECOLOGY SERVICES, INC. and )
ANDREW J. ARMBRUST, )
)
      Defendants. )

## TEMPORARY RESTRAINING ORDER

It is hereby **ORDERED** that upon Plaintiff, Philotechnics, Ltd. ("Philotechnics") posting

a bond in the amount of $ _1,500 00_, the Defendants, Ecology Services, Inc. and Andrew J.

Armbrust, are hereby restrained from misappropriating Philotechnics' trade secrets and

confidential and proprietary information and using it to hire Philotechnics' employees and are

further enjoined from misappropriating and using Philotechnics' trade secrets and confidential

and propriety information so as to eliminate the competitive advantage of Philotechnics.

Specifically, Armbrust is hereby restrained from misappropriating Philotechnics' trade secrets

and confidential and proprietary information, which includes, but is not limited to the following:

    (a) Customer contacts

    (b) Waste profiles/quantities

    (c) Shipping schedules

    (d) Salary and benefit information of Philotechnics' employees

    (e) Phone lists

    (f) Customer lists

    (g) Pricing information

    (h) Staffing lists and levels

1

FILED 22 DAY OF Dec 20 11
AT 9:10 A M
_Fred Chaney_
CLERK & MASTER

(i) S ystems plans

(j) Proposal strate gies

**IF THIS RESTRAINING ORDER IS VIOLATED, THE DEFENDANT(S) COMMIT A CLASS C MISDEMEANOR AND ARE SUBJECT FOR EACH VIOLATION TO A FINE NOT TO EXCEED FIFTY DOLLARS ($50.00) OR IMPRISONMENT FOR NOT MORE THAN THIRTY (30) DAYS, OR BOTH.**

THIS THE _22_ DAY OF _Dec_ , 2011 AT _9:00_ O'CLOCK A.M.

_Frank V. Williams_

CHANCELLOR

Plaintiff's application for a temporary injunction will be heard at _9:00_ _a_ .m., on the _5th_ day of _January_ , 20 _12_, in the Chancery Court of _Roane_ County, Tennessee.

**APPROVED FOR ENTRY:**

**KENNERLY, MONTGOMERY & FINLEY, P.C.**

By: _____

      Jack M. Tallent, II (BPR# 004262)
      Kevin C. Stevens (BPR #023035)
      Attorneys for Plaintiff
      550 W. Main Street, 4th Floor
      Knoxville, TN 37902
      (865) 546-7311

## RETURN

Method of Service: _____

_____

Date: _____

Signed: _____
                Process Server

**IN THE CHANCERY COURT OF LOUDON COUNTY, TENNESSEE**

ADA
FOR ASSISTANCE CALL
865-458-4663

COPY

| | |
|---|---|
| PHILOTECHNICS, LTD. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ECOLOGY SERVICES, INC. and | ) |
| ANDREW J. ARMBRUST, | ) |
| | ) |
| Defendants. | ) |

No. 11965

## SUMMONS

**To:** Ecology Services, Inc.
c/o Lisa Eason, Registered Agent
9135 Guilford Road, Suite 200
Columbia, MD 21046

FILED 22 DAY OF Dec 20 11
AT 8:41 A M
*Fred Chaney*
LOUDON CO. CLERK & MASTER

**To the above-named respondent:**

You are hereby summoned and required to serve upon Jack M. Tallent, II, plaintiff's attorney, whose address is Fourth Floor, Bank of America Building, 550 Main Street, Knoxville, Tennessee 37902, a copy of the defense to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. You will file the original pleading with the Court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. Please be notified that an attachment suit has been filed against you.

Issued and tested this 22 day of Dec _____, 2011.

*Fred Chaney*, Clerk

By: *Connie Black*, Deputy

Clerk _____

(This summons is issued pursuant to Rule 4 of the <u>Tennessee Rules of Civil Procedure</u>.)

## NOTICE

To the respondent:

Tennessee law provides a Four Thousand Dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN

I received this summons on the _____ day of _____, 2011.

I hereby certify and return that on the _____ day of _____, 2011;

I, _____

[____] served this summons and a complaint on defendant(s) Ecology Services, Inc. in the

following manner: _____

_____

_____

[____] failed to serve this summons within 90 days after its issuance because: _____

_____

_____

_____
Process Server

## SERVICE INFORMATION

To the process server: Defendant, Ecology Services, Inc., can be served via its registered Agent, Lisa Eason at 9135 Guilford Road, Suite 200, Columbia, MD 21046.

# IN THE CHANCERY COURT OF LOUDON COUNTY, TENNESSEE

ADA
FOR ASSISTANCE CALL
865-458-4663

COPY

PHILOTECHNICS, LTD.                    )
                                       )
    Plaintiff,                        )
                                       )
vs.                                    )
                                       )   No 11965
ECOLOGY SERVICES, INC. and             )
ANDREW J. ARMBRUST,                    )
                                       )
    Defendants.                       )

## SUMMONS

FILED **22** DAY OF **Dec** 20 **11**
AT **8:41 A** M
*Fred Chaney*
LOUDON CO. CLERK & MASTER

**To:**    Andrew J. Armbrust
        228 Blackfoot Way
        Lenoir City, TN 37772

**To the above-named respondent:**

You are hereby summoned and required to serve upon Jack M. Tallent, II, plaintiff's attorney, whose address is Fourth Floor, Bank of America Building, 550 Main Street, Knoxville, Tennessee 37902, a copy of the defense to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. You will file the original pleading with the Court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. Please be notified that an attachment suit has been filed against you.

Issued and tested this **22** day of **Dec**, 2011.

*Fred Chaney*, Clerk

By: *Connie Black*, Deputy

Clerk _____

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

## NOTICE

To the respondent:

Tennessee law provides a Four Thousand Dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list**. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN

I received this summons on the _____ day of _____, 2011.

I hereby certify and return that on the _____ day of _____, 2011;

I, _____

[____] served this summons and a complaint on defendant(s) Andrew J. Armbrust in the

following manner: _____

_____

_____

[____] failed to serve this summons within 90 days after its issuance because: _____

_____

_____

_____

Process Server

## SERVICE INFORMATION

To the process server: Defendant, Andrew J. Armbrust, can be at 228 Blackfoot Way, Lenoir City, TN 37772.

# KM KENNERLY MONTGOMERY

*Attorneys & Counselors Since 1916*

E-MAIL: *jtallent@kmfpc.com*

December 22, 2011

Fred Chaney, Clerk & Master
Loudon County Chancery Court
601 Grove Street
Loudon, TN 37774

      Re:    *Philotechnics, Ltd. v. Ecology Services, Inc. and Andrew J. Armbrust*

Dear Mr. Chaney:

      Enclosed please find the following:

      1.    Plaintiff's First Request for Production of Documents to Defendant Ecology Services, Inc. for filing with the Court;

      2.    Plaintiff's First Request for Production of Documents to Defendant Andrew J. Armbrust for filing with the Court; and

      3.    Additional copies of both to be stamped "filed" and returned in the enclosed envelope.

      Thank you for your assistance in this matter. Please contact me if you have any questions.

      Very truly yours,

      **KENNERLY, MONTGOMERY & FINLEY, P.C.**

By _____
        Jack M. Tallent, II

JMT:ces
Enclosures
cc: Ecology Services, Inc.
    Andrew J. Armbrust

RECEIVED
DEC 2 7 2011
LOUDON CO. CLERK & MASTER

KENNERLY, MONTGOMERY & FINLEY, P.C.
550 MAIN STREET, FOURTH FLOOR | KNOXVILLE, TENNESSEE 37902
P.O. BOX 442 | KNOXVILLE, TENNESSEE 37901
PH (865) 546-7311 | FX (865) 524-1773 | WWW.KMFPC.COM

# IN THE CHANCERY COURT OF LOUDON COUNTY, TENNESSEE

PHILOTECHNICS, LTD. )
)
    Plaintiff, )
)
vs. ) No. 11965
)
ECOLOGY SERVICES, INC. and )
ANDREW J. ARMBRUST, )
)
    Defendants. )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ECOLOGY SERVICES, INC.

Comes the Plaintiff, Philotechnics, Ltd. ("Plaintiff") by and through counsel, and propounds the following Requests for Production of Documents to Defendant, Ecology Services, Inc. ("Defendant"), under oath pursuant to Tenn. R. Civ. P. 34.

## DEFINITIONS AND INSTRUCTIONS

    A.    In providing the documents described below, you are requested to furnish all documents known or available to you, regardless of whether these documents are possessed directly by you or your attorneys, employees, agents, investigators, or other representatives.

    B.    If any of these documents cannot be produced in full, produce to the extent possible specifying the reason for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the substance of the contents of such unproduced documents.

    C.    This request is intended to be continuing, requiring you to produce whatever documents, responsive to this request, you subsequently obtain or become aware of.



FILED **27** DAY OF **Dec** 20 **11**
AT **10:10** AM

Fred Chaney
LOUDON CO. CLERK & MASTER

1

D.     "You" and "your" shall mean Defendants their predecessors, affiliates, employees, agents, representatives, attorneys, and all other persons acting or purporting to act on their behalf.

E.     "Person" shall mean the plural as well as the singular and shall include a natural person, partnership, firm, corporation or limited liability company or any kind of business or legal entity, its agents or employees unless the context indicates otherwise.

F.     The term "Document" is used herein as defined in Rule 26 of the Tennessee Rules of Civil Procedure, and thus includes by way of illustration only and not by way of limitation, the following whether printed or reproduced by any process, or written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communications of any nature; telegrams; memoranda; notes of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of all testimony or statements, reports and/or summaries of interviews; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; revisions or drafts of/or translations of any documents; tape recordings; videotapes, dictation belts, e-mails, and electronically stored information. Any document bearing on any sheet or side thereof, any marks, including, by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character not a part of the original text, or any reproduction thereof, is to be considered a separate document for the purposes of these Discovery Requests.

G.   To "Identify" a person shall mean to state:  his, her, or its name and last known business address, and, if a natural person, his or her last known residence address; the name of his or her employer; the employment position then held by such employee; and the date when such employment ceased.  Once a person has been thus identified, in an answer to a Discovery Request, it shall be sufficient thereafter, when identifying that person, merely to state his, her or its name.

H.   The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively so as to include any information within the scope of any of the Requests in which it is contained.

I.   The term "relating to" means referring to, concerning, discussing, mentioning, evaluating, or analyzing, in whole or in part, directly or indirectly.

## REQUESTS FOR PRODUCTION

1.   Please produce any and all correspondence, including but not limited to e-mails, relating in any way to the employment of Andrew J. Armbrust or the employment or attempted employment of any other employees of Philotechnics with the Defendant.

   **RESPONSE:**

2.   Please produce all internal documents, including but not limited to memoranda, notes and calendars relating in any way to the employment of Andrew J. Armbrust or the employment or attempted employment of any other employees of Philotechnics with the Defendant.

   **RESPONSE:**

3

3. Please produce documents relating to the business you hired Andrew J. Armbrust to establish, develop or carry on now or in the future.

**RESPONSE:**

**KENNERLY, MONTGOMERY & FINLEY, P.C.**

By: _____
       Jack M. Tallent, II (BPR# 004262)
       Kevin C. Stevens (BPR #023035)
       Attorneys for Plaintiff
       550 W. Main Street, 4th Floor
       Knoxville, TN 37902
       (865) 546-7311

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on the following by depositing the same in the U. S. Mail with sufficient postage thereon to carry the same to its destination or by hand delivery:

Ecology Services, Inc.
c/o Lisa Eason, Registered Agent
9135 Guilford Road, Suite 200
Columbia, MD 21046

Andrew J. Armbrust
228 Blackfoot Way
Lenoir City, TN 37772

This 22nd day of December, 2011.

**KENNERLY, MONTGOMERY & FINLEY, P.C.**

By: _____
       Attorney

4

**IN THE CHANCERY COURT OF LOUDON COUNTY, TENNESSEE**

| | | |
|---|---|---|
| PHILOTECHNICS, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11965 |
| | ) | |
| ECOLOGY SERVICES, INC. and | ) | |
| ANDREW J. ARMBRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ANDREW J. ARMBRUST

Comes the Plaintiff, Philotechnics, Ltd. ("Plaintiff") by and through counsel, and propounds the following Requests for Production of Documents to Defendant, Andrew J. Armbrust ("Defendant"), under oath pursuant to Tenn. R. Civ. P. 34.

### DEFINITIONS AND INSTRUCTIONS

A.      In providing the documents described below, you are requested to furnish all documents known or available to you, regardless of whether these documents are possessed directly by you or your attorneys, employees, agents, investigators, or other representatives.

B.      If any of these documents cannot be produced in full, produce to the extent possible specifying the reason for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the substance of the contents of such unproduced documents.

C.      This request is intended to be continuing, requiring you to produce whatever documents, responsive to this request, you subsequently obtain or become aware of.

FILED _27_ DAY OF _Dec_ 20 _11_

AT _10:10_ A M

_Fred Chancey_

LOUDON CO. CLERK & MASTER

1

D.     "You" and "your" shall mean Defendants their predecessors, affiliates, employees, agents, representatives, attorneys, and all other persons acting or purporting to act on their behalf.

E.     "Person" shall mean the plural as well as the singular and shall include a natural person, partnership, firm, corporation or limited liability company or any kind of business or legal entity, its agents or employees unless the context indicates otherwise.

F.     The term "Document" is used herein as defined in Rule 26 of the Tennessee Rules of Civil Procedure, and thus includes by way of illustration only and not by way of limitation, the following whether printed or reproduced by any process, or written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communications of any nature; telegrams; memoranda; notes of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of all testimony or statements, reports and/or summaries of interviews; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; revisions or drafts of/or translations of any documents; tape recordings; videotapes, dictation belts, e-mails, and electronically stored information. Any document bearing on any sheet or side thereof, any marks, including, by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character not a part of the original text, or any reproduction thereof, is to be considered a separate document for the purposes of these Discovery Requests.

G.     To "Identify" a person shall mean to state:  his, her, or its name and last known business address, and, if a natural person, his or her last known residence address; the name of his or her employer; the employment position then held by such employee; and the date when such employment ceased.  Once a person has been thus identified, in an answer to a Discovery Request, it shall be sufficient thereafter, when identifying that person, merely to state his, her or its name.

H.     The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively so as to include any information within the scope of any of the Requests in which it is contained.

I.     The term "relating to" means referring to, concerning, discussing, mentioning, evaluating, or analyzing, in whole or in part, directly or indirectly.

## REQUESTS FOR PRODUCTION

1.     Please produce any and all correspondence, including but not limited to e-mails, relating in any way to your employment with Ecology Services, Inc. or the employment or attempted employment of any other employees of Philotechnics with Ecology Services, Inc.

**RESPONSE:**


2.     Please produce all internal documents, including but not limited to memoranda, notes and calendars relating in any way to your employment with Ecology Services, Inc. or the employment or attempted employment of any other employees of Philotechnics with Ecology Services, Inc.

**RESPONSE:**

3.      Please produce documents relating to the business you were hired to establish, develop or carry on now or in the future for Ecology Services, Inc.

**RESPONSE:**

KENNERLY, MONTGOMERY & FINLEY, P.C.

By: _____
      Jack M. Tallent, II (BPR# 004262)
      Kevin C. Stevens (BPR #023035)
      Attorneys for Plaintiff
      550 W. Main Street, 4th Floor
      Knoxville, TN 37902
      (865) 546-7311

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on the following by depositing the same in the U. S. Mail with sufficient postage thereon to carry the same to its destination or by hand delivery:

Ecology Services, Inc.
c/o Lisa Eason, Registered Agent
9135 Guilford Road, Suite 200
Columbia, MD 21046

Andrew J. Armbrust
228 Blackfoot Way
Lenoir City, TN 37772

This 22nd day of December, 2011.

KENNERLY, MONTGOMERY & FINLEY, P.C.

By: _____
      Attorney

4

# WOOLF · McCLANE

**WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC**

——————— A T T O R N E Y S ———————

900 Riverview Tower | 900 S. Gay Street | Knoxville, TN 37902-1810
Mailing Address: Post Office Box 900 | Knoxville, TN 37901-0900
Phone: (865) 215-1000 | Fax: (865) 215-1001
www.wmbac.com

| | |
|---|---|
| DALE C. ALLEN | GREGORY C. LOGUE |
| J. NICHOLAS ARNING, JR. | ROBERT S. MARQUIS |
| HUGH B. BRIGHT, JR. | RICHARD S. MATLOCK |
| LUIS C. BUSTAMANTE | DENNIS R. McCLANE |
| J. ERIC BUTLER | ANDREW W. McREE |
| W. KYLE CARPENTER | DANIEL J. MOORE |
| J. KEITH COATES, JR. | M. DENISE MORETZ |
| TONY R. DALTON | JASON T. MURPHY |
| LAURIE H. HALLENBERG | ROBERT P. NOELL |
| LINDY D. HARRIS | KEVIN N. PERKEY |
| J. CHADWICK HATMAKER | BRADLEY C. SAGRAVES |
| DEAN T. HOWELL | O. E. SCHOW, IV |
| HOWARD E. JARVIS | DARSI NEWMAN SIRKNEN |
| MICHAEL J. KING | LATISHA J. STUBBLEFIELD |
| KATHERINE F. LAYMAN | ROBERT L. VANCE |
| J. FORD LITTLE | J. CALVIN WARD |
| | LOUIS C. WOOLF |

December 30, 2011

Mr. Fred Chaney, Clerk and Master
Loudon County Chancery Court
601 Grove Street
P. O. Box 509
Loudon, TN  37774-0509

Re:     *Philotechnics, Ltd. v. Ecology Services, Inc. and Andrew J. Armbrust,*  Loudon
         County Chancery Court, No. 11965

Dear Mr. Chaney:

Please find enclosed for filing in the above-captioned matter the following documents:

1.     **Notice of Appearance**; and

2.     **Motion for Permission for Paul A. Fitzsimmons to Appear** *Pro Hac Vice.*

Also enclosed are copies to be stamped "filed" and returned to my attention.  By copy of this letter, we are serving Plaintiffs' counsel with these filings.

If you have any further questions, please do not hesitate to contact me.

Very truly yours,

J. Ford Little
Enclosure

c:      Jack M. Tallent, II, Esq./Kevin C. Stevens, Esq.
        Paul A. Fitzsimmons, Esq.

RECEIVED

DEC 30 2011

LOUDON CO. CLERK & MASTER

738359.1

# IN THE CHANCERY COURT OF LOUDON COUNTY, TENNESSEE

PHILOTECHNICS, LTD.,                    )
                                        )
            Plaintiff,                  )
                                        )
    vs.                                 )        No. 11965
                                        )
ECOLOGY SERVICES, INC.,                 )
and ANDREW J. ARMBRUST,                 )
                                        )
            Defendants.                 )

## NOTICE OF APPEARANCE

Comes J. Ford Little and Keith Coates of the law firm of Woolf, McClane, Bright, Allen & Carpenter, PLLC, and hereby enter an appearance on behalf of Defendants Ecology Services, Inc. and Andrew J. Armbrust

By filing this Notice, these Defendants do not waive any defenses that they may have in this case, including, those available pursuant to Rule 12 of the Tennessee Rules of Civil Procedure. Please provide copies of all Notices, Orders, and other documents to counsel at the following address:

> J. Ford Little
> Keith Coates
> Woolf, McClane, Bright, Allen & Carpenter, PLLC
> P. O. Box 900
> Knoxville, TN 37901-0900
> Telephone: 865.215.1000
> Telefax: 865.215.1001
> Email: flittle@wmbac.com
> Email: kcoates@wmbac.com

FILED 30th DAY OF Dec 20 11
AT 1:15 P M
Fred Chancery
CLERK & MASTER

738350.1

Respectfully submitted this 30th day of December, 2011,

WOOLF, McCLANE, BRIGHT,
ALLEN & CARPENTER, PLLC

By: _____

J. Ford Little, BPR #013870
Keith Coates, BPR #025839

Post Office Box 900
Knoxville, Tennessee  37901-0900
(865) 215-1000
(865) 215-1001 (facsimile)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon the following counsel for the parties in interest herein by delivering same to the offices of said counsel, or by mailing same to the offices of said counsel by United States Mail with sufficient postage thereon to carry the same to its destination.

Jack M. Tallent, II, Esq.
Kevin C. Stevens, Esq.
Kennerly, Montgomery & Finley, P.C.
550 West Main Street, 4th Floor
Knoxville, TN 37902

This the 30 day of December , 2011.

_____
Attorney

738350.1

# IN THE CHANCERY COURT OF LOUDON COUNTY, TENNESSEE

PHILOTECHNICS, LTD.,                  )
                                      )
              Plaintiff,              )
                                      )
       vs.                            )        No. 11965
                                      )
ECOLOGY SERVICES, INC.,               )
and ANDREW J. ARMBRUST,               )
                                      )
              Defendants.             )

## MOTION FOR PERMISSION FOR
## PAUL A. FITZSIMMONS TO APPEAR *PRO HAC VICE*

Come the Defendants, Ecology Services, Inc. and Andrew J. Armbrust, by and through

counsel, and respectfully move the Court for an Order permitting attorney Paul A. Fitzsimmons

and the law firm of Saul Ewing, LLP to appear *pro hac vice* in this action pursuant to Rule 19 of

the Rules of the Supreme Court of Tennessee.  The Defendants would show unto the Court as

follows:

1.      The attorney sought to be admitted *pro hac vice* is Paul A. Fitzsimmons, who

practices with the law firm of Saul Ewing, LLP, 1919 Pennsylvania Avenue, N.W., Suite 550,

Washington, D.C. 20006-3434, (202) 295-6621.

2.      Mr. Fitzsimmons is licensed to practice law and is a member in good standing of

the Bar in the District of Columbia and is admitted to practice before the Court of last resort of

the District of Columbia.  No disciplinary action or investigation of Mr. Fitzsimmons' conduct is

pending in any state.  A true and correct copy of Mr. Fitzsimmons' Certificate of Good Standing,

issued by the Court of Appeals of the District of Columbia, is attached hereto as Exhibit A.

3.      Mr. Fitzsimmons has agreed to subject himself to the jurisdiction of the Courts of

Tennessee in any matter arising out of his conduct in such proceedings and agrees to be bound

FILED 30 DAY OF Dec 20 11

AT 1:15 P M

Ared Cha

LOUDON CO. CLERK & MASTER

738315.1

by the Code of Professional Responsibility applicable to Tennessee lawyers and the interpretation thereof by the Tennessee Court as set forth in this his affidavit attached hereto as Exhibit B.

4.      Mr. Fitzsimmons represents that he will abide by the Tennessee Rules of Civil Procedure, the governing Local Rules of the Chancery Court for Loudon County, Tennessee, as well as all applicable rules of ethical conduct.

WHEREFORE, the Defendants Ecology Services, Inc. and Andrew J. Armbrust respectfully request that this Court grant permission for Paul Fitzsimmons and the law firm of Saul Ewing, LLP to appear *pro hac vice* as counsel for Defendants Ecology Services, Inc. and Andrew J. Armbrust.

Respectfully submitted this 30th day of December, 2011,

WOOLF, McCLANE, BRIGHT,
ALLEN & CARPENTER, PLLC

By: _____
J. Ford Little, BPR #013870
Keith Coates, BPR # 025839

Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000
(865) 215-1001 (facsimile)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon the following counsel for the parties in interest herein by delivering same to the offices of said counsel, or by mailing same to the offices of said counsel by United States Mail with sufficient postage thereon to carry the same to its destination.

> Jack M. Tallent, II, Esq.
> Kevin C. Stevens, Esq.
> Kennerly, Montgomery & Finley, P.C.
> 550 West Main Street, 4th Floor
> Knoxville, TN 37902

This the 30 day of December, 2011.

_____
Attorney

738315.1

**<u>EXHIBIT A</u>**

**Certificate of Good Standing for Paul A. Fitzsimmons, Esq.**

FILED **3o** DAY OF **Dec** 20 **11**
AT **1:15 A** M

*Fred Chancey*
LOUDON CO. CLERK & MASTER





EXHIBIT

A

**District of Columbia Court of Appeals**
Committee on Admissions
430 E Street, N.W. — Room 123
Washington, D. C. 20001
202 / 879-2710

I, JULIO A. CASTILLO, Clerk of the District of Columbia Court of

Appeals, do hereby certify that

PAUL   A.   FITZSIMMONS

was on the        6ᵀᴴ  day of        JANUARY,  1995

duly qualified and admitted as an attorney and counselor entitled to

practice before this Court and is, on the date indicated below, an

active member in good standing of this Bar.

In Testimony Whereof, I have
hereunto subscribed my
name and affixed the seal of
this Court at the City of
Washington, D.C., on
December 29, 2011.

JULIO A. CASTILLO
Clerk of the Court

By: _____
Deputy Clerk