UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PHILOTECHNICS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 3:12-CV-180 |
| | ) | |
| ECOLOGY SERVICES, INC., | ) | |
| ANDREW J. ARMBRUST, | ) | |
| THOMAS O. KLETT, and | ) | |
| DONALD E. HARTJE, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

This matter is before the Court on the Plaintiff's Motion to Amend the Complaint and

Remand this matter to the Chancery Court for Loudon County, Tennessee. [Doc. 5] The

Amended Complaint removes Count III, a claim under the Federal Computer Fraud and Abuse

Act, seeking to divest this Court of jurisdiction. The Defendants object to the Motion to Remand.

The Defendants argue that this Court has exclusive jurisdiction over this matter pursuant to

Copyright Act pre-emption and that the Plaintiff's removal of Count III is merely manipulative.

For the reasons that will follow, the Plaintiff's Motion will be **GRANTED.** This matter shall be

**REMANDED** to the Chancery Court for Loudon County for further proceedings.

**I.          Motion to Amend.**

The Plaintiff seeks to amend the Complaint by removing Count III, a claim under the

Federal Computer Fraud and Abuse Act; there are no further changes to the Complaint beyond

the removal of Count III. [Doc. 5 Exb. 1]. Attached to the Plaintiff's Motion to Amend is a copy

of the proposed Amended Complaint, in compliance with Local Rule 15.1. [Doc. 5, Exb. 1]. Rule

15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give

1

leave [to amend] when justice so requires." The Sixth Circuit has held that several factors should be considered in determining whether to grant a motion to amend.

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Johnson v. Cleveland City Sch. Dist.,* 344 Fed. Appx. 104, 114 (6th Cir 2006).

As this is the Plaintiff's first amendment request, the Plaintiff filed the Motion to Amend in a timely manner, and deficiency is not an issue, the Court finds that the Plaintiff's Motion to Amend the Complaint [Doc. 5] is proper; consequently, the Motion to Amend will be **GRANTED**, whereby the Court will accept the Amended Complaint. [Doc. 5 Exb. 1].

**II.          Motion to Remand**

The Amended Complaint removes Count III, a claim under the Federal Computer Fraud and Abuse Act, admittedly seeking to intentionally divest this Court of subject-matter jurisdiction. *See* <u>Memorandum in Support of Motion to Amend and Remand</u>, *Philotechnics, Ltd. v. Ecology Services, Inc. et al.*, no. 3L12-cv-00180, (May 7, 2012), ECF No. 6 at 14 (writing that "Plaintiff concedes that its desire to have this case remanded for speed and consistency may be labeled as 'manipulative' by the Defendants…)  In support of the Plaintiff's Motion, the Plaintiff argues that this matter has been before the Court for only a short time, yet "this case has been pending before the Chancery Court for Loudon County for many months….having held a detailed hearing regarding [a] Temporary Injunction and having made substantive ruling with respect to this case." *Id.* at 5.

The Plaintiff further argues that, after the removal of Count III, the controversy centers exclusively on matters of state law. In support of remanding this matter, the Plaintiff cites the

2

Sixth Circuit's "Rule of Thumb," that "when all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Chelten v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 94163 (E.D. Mich. Aug. 23, 2011).

When subject-matter jurisdiction is not based upon diversity jurisdiction, and all federal claims have been dismissed, the policy in the Sixth Circuit is to dismiss all remaining state law claims. *See* Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009) ("If federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (quoting Wojnicz v. Davis, 80 F. App'x. 382, 384-85 (6th Cir. 2003)). In the Complaint, the Plaintiff noted that the Court had subject-matter jurisdiction on the basis of federal question jurisdiction. 28 U.S.C. § 1331. The Sixth Circuit clearly establishes that jurisdiction is determined at the time of removal; no subsequent act can divest the Court of jurisdiction. *See Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 375 (6th Cir. 2007) (recognizing that because "[j]urisdiction is determined at the time of removal . . . subsequent events, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached") (quotations and citations omitted).

Consequently, this Court, pursuant to its discretion, may exercise jurisdiction over the present matter even if all of the federal claims have been dismissed or withdrawn. *Id.* Notwithstanding the Court's discretion, the Sixth Circuit provides several factors to consider in when contemplating whether to remand. The district court should consider such factors as comity, judicial economy, convenience, and fairness in deciding whether to exercise jurisdiction over supplemental state law claims, as well as the avoidance of unnecessarily deciding state law. *Fossyl v. Milligan*, 317 Fed. Appx. 467, 473 (6th Cir. Ohio 2009).

This Court "also may consider whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply deleting all federal-law claims from the complaint and requesting that the district court remand the case." 392 F.3d at 211 (internal quotation marks and citation omitted). Here, there are no remaining federal claims, and this matter has been before the Court for only a brief period of time; no dispositive motions or substantive argument have occurred, and the questions remaining are better suited for the expertise of the state. Though the Plaintiff is clearly attempting to secure (manipulate to achieve) its preferred forum, the weight of Sixth Circuit and Supreme Court precedent instructs that forum shopping, though admittedly undesirable, is not the only factor upon which the courts consider jurisdictional questions. "The balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). The Court, upon the "balance of considerations" finds that this matter, as currently constructed, is not suited to a federal forum.[1]

## III.        Copyright Act Preemption

In the Defendant's numerous briefs opposing a remand, the Defendants have raised, for the first time, another basis in support of this Court's jurisdiction; namely, the Defendant's argue that the matters presented in this case implicate the Copyright Act, an area of the law where the federal courts maintain exclusive jurisdiction. 17 U.S.C. § 301. The Plaintiff argues that the

---

[1] *See Gamel v. City of Cincinnati*, 625 F.3d 949, 953 (6th Cir. Ohio 2010) (writing that [u]ltimately, the district court found that the only factor that weighed in favor of exercising supplemental jurisdiction was the retirees' forum manipulation, but decided that this factor alone was not sufficient to warrant retaining jurisdiction over the state-law claims. It concluded that exercising supplemental jurisdiction 'would not foster judicial economy and would result in . . . needlessly resolving issues of state law….' we conclude that it properly considered the relevant [factors] in deciding not to exercise supplemental jurisdiction over [the] state-law claims. We therefore find no abuse of discretion in remanding the case back to the state court.

4

Defendants waived Copyright Act preemption as a basis for jurisdiction by failing to raise that argument, initially, as a basis for removal. *Philotechnics, Ltd. v. Ecology Services, Inc. et al.*, no. 3L12-cv-00180, (May 7, 2012), ECF No. 6 at 2.

The Court finds compelling a case cited by the Plaintiff on this matter, *Uppal v. Elec. Data Sys.,* 316 F. Supp. 2d 531 ( E.D. Mich. 2004). The Court in *Uppal* writes,

> The party seeking removal should take care to identify all possible bases of federal subject matter jurisdiction over the suit in its notice of removal because the district court may decline to assert jurisdiction over the case for reasons not averred in the removal notice and deny the removing party leave to amend its notice to include further grounds of federal subject matter jurisdiction after the expiration of the relevant time period.

*Id* at 532. Judge Cohn further explains the  process of asserting new claims via amendment to the Notice of Removal.

> As noted in Wright and Miller, "the courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to amendments to correct 'technical defects' in the jurisdictional allegations in the notice of removal …." *Blakeley v. United Cable System*, 105 F. Supp. 2d 574, 578 (S.D. Ala. 2000); *see, e.g.*, *Stein v. Sprint Communications Co.*, 968 F. Supp. 371, 374 (N.D. Ill. 1997) ("[A] defendant may not amend its notice of removal after the 30-day limit in § 1446(b) to remedy a substantive defect in the petition"); *Spillers v. Tillman*, 959 F. Supp. 364, 372 (S.D. Miss. 1997) ("Although a defendant is free to amend a notice of removal within the 30-day period set forth in 28 U.S.C. § 1446(b), once the 30-day period has expired, amendment is not available to cure a substantive defect in removal proceedings."); *Wright v. Combined Ins. Co. of America*, 959 F. Supp. 356, 359 (N.D. Miss. 1997) ("If a defendant seeks to amend the notice of removal at any time thereafter,  [**11]  he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal."); *Iwag v. Geisel Compania Maritima*, 882 F. Supp. 597, 601 (S.D. Tex. 1995) (finding that "section 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading," and thus holding that the court would "disallow amendments to notices of removal that present grounds for removal not included in the original notice").

*Id* at 535. Returning to the instant case, the Defendants' Notice of Removal posits a single basis for removal. [Doc. 1]. That basis, Count III of the Complaint, has been properly withdrawn. Though the Defendants clearly desire a federal forum, substantive and novel additions to the

Notice of Removal are untimely at this stage. The overwhelming weight of precedent on this matter is against the Defendant's position that, once the sole federal question cited in the Notice of Removal is dismissed, a defendant may simply construct yet another.[2] A notice of removal, like a complaint, is not a revolving door that remains open in perpetuity. Eventually, the parties must rest on their pleadings.

The Court acknowledges that some matters cannot be tried in state court; however, contrary to the Defendant's argument, matters of copyright are simply not one of those matters. The doctrine of copyright preemption is only triggered when 1) the subject matter falls within the scope of the Copyright Act—as set forth in 17 U.S.C. §§102, 103; and, 2) the specific state law rights claimed are commensurate to rights that are protected by the Copyright Act in 17 U.S.C. § 106. *Murry Hill Publ'n, Inc. v. ABC Commc'ns, Inc.,* 264 F.3d 622, 636 (6th Cir. 2001). Consequently, state courts can hear all manner of actions touching on the subject of copyright, and in fact do, so long as the preemption doctrine remains untriggered. In other words, federal courts only have exclusive jurisdiction over matters arising under the Copyright <u>Act</u> (measured against the two-part test articulated above).

Even if the argument for copyright preemption was timely, which it is not, the Defendants' argument fails because federal courts do not have exclusive jurisdiction of all mentions of the word "copyright." The obvious subsidiary question is whether the particular claims in this case fall within the scope of the Copyright Act. The Plaintiff argues that, for each

---

[2] In another case cited by the Plaintiff, *Chelten v. Wells Fargo Bank, N.A,* the court examines whether to remand after all of the federal claims have been removed, or, as the defendant prefers, keep the case in federal court. 2011 U.S. Dist. LEXIS 94163 ( E.D. Mich. Aug. 23, 2011). The court reasons that, considering the brief period of time that this case had been before the Court, that there had been no scheduling conference, proceedings or rulings of any kind, apart from the question of remand, "the interests of judicial economy would not be served by the Court exercising supplemental jurisdiction over Plaintiffs' state-law claims." *Chelten v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 94163 ( E.D. Mich. Aug. 23, 2011).

6

of the Plaintiff's claims, that the Copyright Act is not implicated (either because the state law claim is not equivalent or because the subject matter is not a trade secret). *Philotechnics, Ltd. v. Ecology Services, Inc. et al.*, no. 3L12-cv-00180, (May 7, 2012), ECF No. 6 at 9-17.

Finally, the Court finds instructive, though not entirely congruent to the instant case, the reasoning of the Supreme Court decision in *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (U.S. 2002). In *Holmes* the defense sought to secure a federal forum in a state action by asserting patent counterclaims pursuant to 28 U.S.C.S. § 1295(a)(1) which, the defense hoped, established jurisdiction according to the "arising under" language of § 1338, where it is established that "arising under" language invokes the well-pleaded-complaint rule. *Id.* at 833. Justice Antonin Scalia writes,

> Not all cases involving a patent-law claim fall within the Federal Circuit's jurisdiction. By limiting the Federal Circuit's jurisdiction to cases in which the district courts would have jurisdiction under § 1338, Congress referred to a well-established body of law that requires courts to consider whether a patent-law claim appears on the face of the plaintiff's well pleaded complaint.

*Id. at 834.* Since the petitioner's complaint did not make any mention of patent law, the Supreme Court found that a patent law defense (or counterclaim) is not part of a properly-pleaded complaint and is not enough to establish "arising under" jurisdiction. Justice Scalia writes that holding to the contrary "would be an unprecedented feat of interpretive necromancy." *Id.* at 833. Similarly, returning to the instant matter, the Plaintiff has been especially careful to avoid asserting federal claims. In pursuit of that objective, the Plaintiff has withdrawn the only cause of action in the Complaint that invoked federal jurisdiction. In other words, the federal causes of action have been terminated. The Defendants cannot simply ignore the plain language of the Complaint by resurrecting federal jurisdiction from whole cloth; it is in that sense that the Court finds Justice Scalia's reference to "interpretive necromancy" compelling.

7

**IV.        Conclusion**

The Court finds that the Sixth Circuit's "rule of thumb" should govern, and that this case should be remanded to state courts of Tennessee upon Plaintiff's withdrawal of its sole federal claim. First, the Plaintiff acted relatively quickly to seek the dismissal of their federal claim and the remand of this action, filing the present motion just under three weeks after removal. Second, there has been no activity in this case, save the present ruling. Third, the Defendants' Copyright Act preemption argument is improper. Fourth, the Court is not convinced that, even if the copyright preemption argument was timely, which it is not, that the Copyright Act is implicated. To the contrary, the Court sees no reason why the Copyright Act is implicated. Fifth, and finally, the only remaining causes of action are state actions wherein the state court is the most appropriate adjudicatory forum.

Accordingly, the Plaintiff's Motion will be **GRANTED.** This matter shall be **REMANDED** to the Chancery Court for Loudon County for further proceedings.

**IT IS SO ORDERED**.

                                                          **ENTER:**

                                                                    s/ Thomas W. Phillips

                                                          United States District Judge